IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND GARCIA,

    Plaintiff,

v.                                                                                     Civ. No. 04-0419 RLP/WDS

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY and the CITY
OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER initially came before the court on Defendants' Motion for Summary Judgment. A review of the record indicated that Plaintiff, who is incarcerated in the Bernalillo County Detention Center ("BCDC") and is represented by counsel, failed to allege that he had exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The court issued an Order to Show Cause [Doc. 36] concerning whether Plaintiff had exhausted his remedies, which must be done prior to the court's review of the motion for summary judgment.

In response, Plaintiff's counsel submitted a letter of outdated legal authority and Plaintiff's affidavit which avers that Plaintiff was unaware of BCDC's formal grievance policy and that no one informed him of that policy when he complained about his treatment. Affidavit of Raymond Garcia, ¶¶ 8-9.[1]

---

[1] Mr. Garcia also stated in ¶ 10 that he was not allowed to file a grievance, but that statement conflicts with his statement that he was unaware of the procedure. It is clear from the Affidavit that Mr. Garcia has made no attempt to exhaust his remedies because he was unaware that BCDC had a formal grievance policy.

The PLRA requires inmates to exhaust administrative remedies prior to filing suit in federal court. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1183 (10th Cir. 2004). The burden is on the prisoner to prove exhaustion. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Further, it is insufficient to claim, as Plaintiff does here, that he informally complained about the matters that give rise to his action: "the doctrine of substantial compliance does not apply." *Id.*

A complaint that "fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, – U.S. --, 125 S.Ct. 344 (2004). It is undisputed in this case that Plaintiff failed to exhaust his administrative remedies. The entire case must be dismissed without prejudice. *Ross*, 365 F.3d at 1190.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is dismissed without prejudice; and

IT IS FURTHER ORDERED that the Motion for Summary Judgment [Doc. 30] is denied as moot.

IT IS SO ORDERED.

                                            Richard L. Puglisi
                                            United States Magistrate Judge
                                            (sitting by designation)

For the Plaintiff:     Sam Bregman, Esq.
For the Defendants: Matthew L. Connelly, Esq.
                                Patrick D. Allen, Esq.